IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IGGY SANTISTEBAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-00784-CV-W-ODS |
| ) | Crim. No. 05-00159-02-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.[1]

Movant was convicted by a jury of conspiring to defraud the United States and sentenced to 37 months imprisonment. The conviction was affirmed on appeal. United States v. Santisteban, 501 F.3d 873 (8th Cir. 2007). While the appeal was pending, Movant filed his application for postconviction relief. The direct appeal has concluded and there are no further proceedings to be had, so it is appropriate to consider the motion. The motion raises a wide range of issues; for comprehension's sake, the Court will discuss the facts related to the issues raised in lieu of a general discussion of the case's background.

Venue and Related Issues

Movant's personal involvement in the conspiracy was geographically confined to Florida, so he concludes venue in the Western District of Missouri was improper. The Government correctly points out that the issue was not raised in this Court or on appeal, and ordinarily a postconviction proceeding cannot be used to raise an issue that could

---

[1]The Court also denies the Government's Motion to Dismiss as moot.

have been (or was) raised on appeal. However, Movant couples his substantive complaint with an allegation that his trial attorney was ineffective for failing to raise the issue, and claims of ineffective assistance of counsel may be considered in a post conviction proceeding.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

The Record reveals counsel raised the issue in his motions for judgment of acquittal filed after the Government's case and at the close of all the evidence. A formal motion to change venue was not filed, and the issue was not raised on appeal. Nonetheless, even if one believes counsel could have done more to raise the issue, the Court concludes Movant was not prejudiced. When a conspiracy is started, completed,

2

or conducted in multiple districts, all members of the conspiracy may be charged in any of the districts; the prosecution need not be split up into multiple prosecutions in multiple districts. 18 U.S.C. § 3237(a).[2] Movant does not dispute that at least one member of the conspiracy committed an overt act in this district, so a formal request for a change of venue or other proceedings on the issue would have been futile.

Movant contends the choice of venue prejudiced him in two ways: it deprived him of a jury with hispanics or printers, and it deprived him of the ability to get an attorney from Florida. Given that venue was proper, Movant cannot complain about any hardships that may have resulted. To the extent Movant raises these issues as independent grounds for relief, they are rejected. Movant did not have a constitutional right to have hispanics or printers on his jury, and he does not allege the selection of either the venire or the petit jury violated the Constitution. Moreover, such an argument should have been raised (if at all) on direct appeal, and it was not. With respect to Movant's choice of counsel, Movant was free to hire an attorney of his choice. Given that he was unable to afford the expense of an attorney, one was appointed for him – but the Sixth Amendment does not guarantee that the appointed attorney will be one of the defendant's choosing. Movant may allege his attorney provided ineffective assistance of counsel, but his Sixth Amendment rights were not violated simply because the appointed attorney was from this district or was otherwise not the attorney Movant would have hired if he were able to do so.

Perjury

Movant essentially lists a multitude of facts, testimony excerpts, and other events with which he disagrees or disapproves and labels all of them "perjury." Movant couples these broad claims with an allegation that his attorney was ineffective for failing to correct or otherwise respond to these matters.

---

[2]Movant's reliance on Rule 18 of the Federal Rules of Criminal Procedure is thus trumped; the Rule starts by declaring "[u]nless a statute . . . permit otherwise, the government must prosecute an offence in a district where the offense was committed."

3

First, Movant complains the charges against him were posted on a website and covered in the local media for the purpose of "influenc[ing] the future jurors." Movant does not contend any of the jurors possessed any information about the case, much less that any of them were aware of these public statements. Therefore, counsel's failure to take any action on these two matters could not have prejudiced Movant's rights.

Second, Movant complains that two "official reports" were signed by only one FDA agent instead of two before being approved by a supervisor. The significance, according to Movant, is that these reports "are supposed to be the reason and purpose for the prosecutor to have a case and to get the judge to sign an indictment." There are several flaws with Movant's argument: the Indictment was returned by a grand jury, not a judge; a conviction at trial would cure any defect during the indictment process, e.g., United States v. Mechanik, 475 U.S. 66, 73 (1986); there is no legal requirement that a document be signed by three law enforcement officers; and the presence of two signatures "instead" of three does not constitute perjury. Counsel's decision not to pursue this issue did not prejudice Movant's rights.

Movant's final category of perjury involves a list of numerous facts and testimony excerpts with which he disagrees. The fact that Movant disagrees does not establish perjury. More importantly for present purposes, Movant does not suggest what his attorney should have done (or refrained from doing), making it impossible to conclude counsel violated Strickland's performance prong.

Threats

One of Movant's witnesses was Fernando Calvo. Calvo was suspected of being involved in the conspiracy, but the Government had not attempted to indict him because Calvo was in Mexico and could not be extradited because the crime he would be charged with was not a crime in Mexico. On the morning of the second day of trial – before Calvo testified – the Government's attorney explained this history and announced the Government's intent to arrest Calvo if he appeared in the United States.

Tr. at 131-32. During the ensuing discussions, Movant's counsel objected to the Government's plans, but the Court held it could not bar the Government from charging someone with a crime. The Court held the Government could not arrest Calvo until after he testified and that before he testified the Court would advise him of his right to counsel. Tr. at 138-39.

Calvo testified late on the third day of trial. Before he testified, he was brought in the courtroom outside of the jury's hearing. The Court told Calvo there was "reason to believe that the United States government is considering and, in fact, may have already . . . filed a complaint" alleging he was involved in the conspiracy and advised him of his right not to incriminate himself and his right to have a lawyer advise him before and during his testimony. Tr. at 562-63, 566. Movant's counsel told the Court he advised Calvo of the situation that morning and suggested he obtain advice of counsel. Tr. at 565-66.

For his part, Calvo declared he had "no intention" to claim protection under the Fifth Amendment. Tr. at 566. He testified during Movant's case in chief. Tr. at 579-600. Immediately after the Court invited the Government to commence cross-examination, Calvo interrupted and (outside of the jury's hearing) said "you told me that to let you know if I thought I might need a lawyer. I might need it before answering questions." Tr. at 600. Calvo was excused for the rest of the day so he could consult with an attorney. Tr. at 601-02. Calvo returned the next morning as instructed, accompanied by an attorney. Through his attorney, Calvo expressed his intent to invoke his Fifth Amendment rights with respect to all questions asked on cross-examination. Tr. at 646-47. The Court ultimately decided to have Calvo return to the stand and, upon invoking his right against self-incrimination, confirm in the jury's presence Calvo's intent to invoke his right with respect to all questions. Upon receiving that confirmation, Calvo was excused and the jury was instructed to disregard all of his testimony. Tr. at 649-53.

The Court takes judicial notice of its own records, which reflect Calvo was indicted on one count of conspiring to sell counterfeit and illegally imported drugs and to

Case 4:07-cv-00784-ODS   Document 11   Filed 02/13/08   Page 5 of 7

defraud the FDA.  Calvo has plead guilty pursuant to a plea agreement and is awaiting sentencing.

Movant's counsel objected continuously, but did not raise an issue about Calvo's testimony on appeal.  Movant contends his appellate attorney was ineffective for failing to raise the issue, but Movant does not suggest how any of the Court's rulings were erroneous.  To the contrary, the Court's decision to strike Calvo's testimony is supported in law.  United States v. Doddington, 822 F.2d 818, 822 (8th Cir. 1987).  The Court shares (and shared, Tr. at 655) concerns over the Government's actions, but the Court cannot identify any constitutional provisions that would bar the Government from pursuing charges against Calvo.  More importantly, Movant does not identify any arguments that could have been or should have been raised.  Counsel's actions at trial and subsequent decision not to present an issue on appeal do not violate Strickland's standards.

Other Instances of Ineffectiveness

Under this heading, Movant presents two allegations of ineffective assistance.  First, he contends his attorney would not let him testify.  Movant may have been advised not to testify, but there is no indication counsel barred Movant from testifying.  To the contrary, the Court told Movant the decision about testifying was his.  During the afternoon break on the third day of trial, counsel was asked if Movant would be testifying; he answered "[w]e had planned on it Judge.  We're somewhat on the fence on it right now but there is a possibility he will be testifying."  Tr. at 623.  The Court proceeded to advise Movant about his rights and that the decision about testifying was his to make.  Tr. at 624.  After the last defense witness testified, counsel indicated a final decision still had not been made.  Tr. at 717.  After a break, counsel announced that Movant would not be testifying.  The Court invited Movant to ask any questions he might have about his rights, and asked "after consulting with your attorneys, is it your decision not testify in this case?"  Movant answered in the affirmative.  Tr. at 724-25.

6

The Record refutes Movant's claim that he wanted to testify but was barred by his attorney.

Movant next complains his attorney "did not allow Tony Lopez, one of [Movant's] witnesses to testify in trial that he too, would have printed the labels." Assuming Lopez would have been able to provide this testimony, Movant was not prejudiced because the testimony would be inadmissible speculation.

Movant's was represented by counsel whose representation satisfied Strickland's requirements, and his substantive arguments lack merit. Accordingly, his motion for postconviction relief is denied.

IT IS SO ORDERED.

DATE: February 13, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT